Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open and calling to the Lord. God save the United States and His Honorable Courage. Good morning and welcome to the third day of our panel sitting. Judge Choflatte, Judge Hull, and I are happy to have you with us. Valerie will give you a two-minute warning when your time is about to expire so that you know you'll need to begin to wrap up. And with that, we'll begin with our first case, which is number 18-15033, Foster Logging, Inc. v. The United States. Mr. Stephens, whenever you're ready. Good morning, Your Honors, and may it please the Court. My name is Michael Stephens with Derrida, Stephens, Black, and Kozan on behalf of the appellant. Your Honors, I would submit to this Court that this is a case of first impression for the 11th Circuit as it relates to whether the discretionary function exception of the Federal Tort Claims Act is applicable to a negligence claim arising from a controlled burn intentionally started by the government. We have raised three points on appeal, the first being that the district court improperly considered facts outside of the complaint when reaching its decision, that the district court misapplied the discretionary function exemption to the facts alleged to the complaint. And then my third point raised really ties into two, which is that the district court committed reversible error in granting the government's motion to dismiss. And with that, I'm going to start with my second point first, because I think that's really the crux of this appeal. It is the appellant's position that the discretionary function exception was misapplied to the facts of this case, and that the court below does have subject matter jurisdiction over this case. The facts from the complaint, which the district court needed to take as true since this was a facial, not a factual attack, were that the appellant's false or logging is a wood harvesting company that was invited onto the Fort Stewart Reservation for the purpose of harvesting wood, which is inherently for the benefit of both the appellant and the government. In furtherance of completing its job on the reservation, false or logging brought its equipment onto the government's property. Now, while false or logging is working to harvest the government's wood, again, for both the benefit of itself and for the government, the government makes the decision to start a controlled burn. At the end of the day, I'm not so concerned with why the government decided to start this controlled burn, and we can see that the discretionary function exception protects the government from that initial decision to start the burn. But once the government makes that choice, that they intend to create a dangerous situation, several things that happen next fall outside the discretionary function exception. We have alleged in our complaint that the government was negligent by failing to observe, monitor, and maintain its controlled burn. And it is the appellant's position, and we submit to this court, that as alleged in this complaint, within the government's obligation to maintain its controlled burn included an obligation to warn of the dangers of the controlled burn, especially to anyone the government knew was in the area. This would especially be true for anyone that the government had essentially invited onto their property to harvest the government's resources, such as timber. Again, a service that benefits both the government and the appellant. At the end of the day, our case rises and falls on the second prong of the discretionary function exemption as outlined in Galbert. Both sides haven't cited to a regulation or a statute or a requirement. So we skip past that first prong and jump right to the second one, which is whether the failure to warn and give notice while maintaining the controlled burn is the kind of discretionary function the exception was designed to shield. Now, in summary for you I want to confirm the point you just made. You don't cite to any statute, regulation, or policy manual that the government failed to follow. You agree there was none here? Judge Hall, we don't cite any. And just to clarify that point also, remember this was a motion to dismiss states. There wasn't any discovery done to identify whether there was one or not. But no, there is none cited in our initial complaint. And so we're stuck with the second prong. But regulations, there's no agency regulations. The Forest Service has lots of agency regulations. Yes, that's true. And we don't cite to one as the basis for why should not be the discretionary function exception. I know you just said you're foregoing that point. But let me play devil's advocate for a second, even though you may have given up that point completely. You don't think that the regulations of the Forestry Service matter in determining as an initial matter whether or not this is a decision that falls within the discretionary function exception to the Federal Tort Claims Act? Well, Judge Jordan, I do think that there are definitely regulations that do apply when it comes to starting a controlled burn and why one would start a controlled burn. And the reason why we can see that point is because we agree that that would fall within the discretionary function exception. But it's that next step, Your Honor. It's that next step, whether it's regulation or just the discretion that they have to start a controlled burn to maintain their grounds, what are their obligations after that? For example, in the Swofford case, they were permitted to build that set of stairs. The United States Army Corps of Insurers was permitted to build that set of stairs. But you had to look at what happened after that. Their failure to maintain those stairs and somebody being injured on those stairs. So I'm not focusing on the regulation aspect of it. It's more what that regulation, whether one exists or not, permits them to go ahead and start a controlled burn. What are their obligations to the people they've invited onto their property? What are their obligations to people, not in all these other cases where they're just adjacent property owners or people passing by on the river that get hurt because a power line gets raised. A party that is actually invited for the benefit of the government to the government's property that doesn't get warning through their maintenance of this controlled burn. It's our position. It's not the type of policy or excuse me, not the type of discretionary function that the Congress intended to protect the government from. Mr. Stevens, this is Judge Jordan again. Your complaint, on its face, is not limited to a failure to warn theory. Are you now saying that you are going solely on failure to warn? Your Honor, I would contend, and again, remember, we didn't get a chance to amend. So I am stuck with what I pledged, that as we pledged it, it may not be the most article pleading, that within the maintenance of a controlled burn, as we pledged in paragraph 12, there is an obligation to warn and notify those that are in the area. And so, and that is in paragraph 12 of our complaint, where we allege the negligence of the government. And so, within that maintenance, yes, there is an obligation for the government to warn people that they have brought onto the property for their benefit. Right, but as I read paragraph 12, it's not just failure to warn, because you say negligently failed to observe, monitor, and maintain that burn. That's not just a failure to warn, or are you saying now that it's just failure to warn? Well, Your Honor, our position is that it's the failure to warn and maintain also, but my strongest position is that the warning within the maintenance is, I think, the most cognizable basis for why this does not fit within the discretionary judgment exception. And all the cases that the lower court relied on, and all of the cases that the government relied on, the majority of them, dealt with a special type of fire. And as I'm reading these cases that they're talking about, where all these, you know, Billy Joel's, we didn't start the fire in my head, because the government cites five, count them five cases in the heart of their brief, where the government is dealing with firefighting, not because the government started it, but due to natural causes, mostly lightning. Okay, and I agree if the government didn't start the fire, we aren't talking about maintenance or warning, we're talking about firefighting. It's two very different acts. And when a government gets thrown into the fray of having to fight a fire, of course, how they do it is absolutely going to be based on a permissible exercise of policy judgment, social, economic, public policy concerns all in play in that. But that's not what we have here. You have a dangerous situation intentionally created by the government, which blends considerations from the Swofford case, the Summers case, and the Indian Towing case. In Swofford, I already talked about it, set of stairs was built, not maintained. This court said an injury because it didn't maintain is not a permissible exercise of judgment. In Summers, the Park Service knew about the dangers on its property related to hot rain fires, but didn't post a warning and a young girl burned her foot. That case went to trial and a directed verdict was entered for the government of the Ninth Circuit first, holding that the government's failure to recognize and act on a known danger to warn is not insulated from review on the discretionary function exception. With respect to the Indian Towing, all these cases were not decided. And I felt like I would be remiss if I didn't bring it up too. Even though in that case, the government didn't rely on this exception to support why they shouldn't be liable for not keeping a light going in a lighthouse. And the reason why I think it's so important to even bring up in this case, even though it's not cited, is because it specifically didn't rely on it. The government knew in that case that there was no cognizable public policy argument to say why they didn't keep a light on in a lighthouse. So just like Swofford, the government in our case created the hazard by not maintaining controlled burn properly. Just like in Summers, the government knew about the dangers they were creating and maintaining the burn and did not warn or otherwise give notice to a party who the government... This is Jen Paul. What about the case with the Autry or Autry, the dead tree where the dead tree was rotten. It was obviously rotten. They didn't maintain the forest. They just let... It fell and hit... I don't know if it killed somebody, but it was a serious injury. It did. It did kill another person. The day-to-day operation of the forest and whether they let certain trees fall and rot, which the Forest Service does because they want to have the rot in the dead tree for all the fall on people using the park. Help me with how you distinguish that case. Okay. So, Your Honor, in that case, you're right. The gentleman was killed by a black locust. She fell in the car as they drove through the Snoky Mountains Park. And they sued in negligence related to the hazard management plan and that they failed to properly maintain the park in accordance with that plan. So they tried to... Do they even have a plan there that they said they failed to comply with the plan? That's right. That's right. But the significant, most important difference between the odd tree case and our case is notice and knowledge of the government. In the odd tree case, there is this inherent idea that they're supposed to be going out and becoming aware of trees like this black locust tree that could cause damage. They're supposed to be going out and identifying potential issues and warnings and dangers for people that could be coming through. There's nothing in that case where the government actually took an affirmative step to cause a dangerous situation for people that were invited onto the property. It was almost just like their inaction in that case from even looking to see if there was a problem was what this court came to the conclusion of fell within the discretion of park management. And in our case, Your Honor, this was a designed, controlled burn. Everybody knew it was going to actually get this thing going. And my argument, Your Honor, and I'll wrap up because I know I'm over at this point, is that we're asking this court to find that when the government intentionally starts a fire with knowledge that vendors are working for the government's benefit in that area, that there can be no public policy consideration at play that excuses the government from providing adequate notice and warning in furtherance of its maintenance of that controlled burn. And that as a result, the discretionary function, et cetera, would not apply. All right. Thank you very much, Mr. Stevens. Mr. Patrick. Good morning, Your Honor, and may it please the court. This is Bradford Patrick on behalf of the United States. To survive a motion to dismiss for a lack of subject matter jurisdiction, a plaintiff who sues under the Federal Tort Claims Act must allege conduct outside the discretionary function exception. The district court below dismissed the appellant's complaint because it failed to do so. The discretionary function exception preserves the government's sovereign immunity where two elements are met. First, the challenged conduct has to allow the government officials to exercise some degree of judgment. In other words, where their specific choices in a given situation are not prescribed in mandatory terms by a statute regulation or other directive. Where officials aren't bound like this, their conduct is presumed to be a Mr. Patrick, this is Judge Jordan. Can I ask you a couple of questions? Absolutely. The first one is, are you familiar with the Supreme Court's decision in Rainier Incorporated versus the United States from 1957? Yes, Your Honor. That case did not involve the discretionary function exception, but it does hold that the United States can be held liable under the Federal Tort Claims Act for negligently allowing a fire to be started and then failing to act with due care in putting that fire out. Do you agree that that case is still good law? No, Your Honor. I do not agree with that. As Your Honor mentioned- You think that case is, what case from the Supreme Court has overruled it? Your Honor, as I would say, Goebert has overruled it, United States versus Goebert. At the time of Rainier, it was commonly thought that the discretionary function exception did not guard or did not retain the government sovereign immunity where operational level challenges were being levied by a plaintiff. The Supreme Court rejected that principle in Goebert explicitly. And as Your Honor mentioned, Rainier was not a discretionary function exception case. The government didn't cite it. The discretionary function exception is not mentioned anywhere in the opinion. So to the extent there is any value in the court's Rainier decision, its value is that the government may be held liable even where it performs what's called a uniquely governmental function. It's not a discretionary function test. All right. Let me give you a hypothetical, if I could, and ask you to tell me what you think about it. So let's assume that the government decides to carry out a controlled burn. And it recognizes that there are dangers in the controlled burn spreading beyond the prescribed area. So it makes a policy decision taking into account all pros and cons, all risks and benefits, cost, et cetera, that it is going to take steps X, Y, and Z to ensure that the burn is not going to go outside of the prescribed area. On the day of the prescribed burn, the employees at issue fall asleep at the wheel. They literally fall asleep. And they don't carry out X, Y, and Z. And the burn goes beyond the prescribed area and causes damage. Does a discretionary function exception apply? Given the factual scenario Your Honor's hypothetical presented, the negligence in that case would be the workers falling asleep. I would say, Your Honor, that if using the second that the employees don't have discretion about whether to fall asleep, that's not the type of conduct that the discretionary function was designed to shield. And since that would be the negligent act that would form the basis of a theory of liability, there would be a very good argument that the discretionary function exception wouldn't apply. And I think that would be a similar scenario to what this court, a hypothetical that this decision from 1997, where it hypothesized that an AUSA who had decided to take steps to protect a confidential informant, if the execution of that policy were to not be carried out because the AUSA mislaid paperwork or somehow forgot about the steps needed to take to execute that policy, then that might be a basis upon which the government would be liable outside the discretionary function exception. Conduct like that, however... How do you know that that is not the sort of negligence that was at issue here? The complaint is general, but that's because the plaintiff doesn't know what happened within the forestry department. And it won't be able to know until it takes discovery. And the allegation in paragraph 12 is that the government negligently failed to number one, how do we know what the actual negligence was at this early stage, given that you mounted a facial and not a factual attack? Because, Your Honor, the plaintiff has an obligation to allege facts that plausibly suggest conduct that's outside the discretionary function exception. At best, and I don't even think it... I don't think the complaint even comes this far, but at best, the complaint may allege conduct that could be at best consistent with liability, which Twombly and Iqbal say are not enough to get a plaintiff past Rule 8. In this circuit, discovery follows a well-crafted complaint, not the other way around. Furthermore, where sovereign immunities are at the Supreme Court has been very clear that courts should not allow for limited discovery in respect for those immunities. They should be very satisfied that a plaintiff has satisfied its pleading standards before committing discovery to begin. And I'd also point out that... How can you be... What do you think the negligence alleged is? What do you think that they're claiming the government failed to do? It's in very general terms, and there are... Of course, because you're at the pleading stage, and they... Until they talk to you and depose your people and get documents, they have no idea. They just know that they were damaged by something that went on. How much more specific do they have to be to avoid the discretionary function exception at this point? Well, I think, Your Honor, they would have to allege conduct similar to Your Honor's hypothetical. There need to be facts that allege conduct that's outside the discretionary function exception. Here, decisions about whether to monitor and observe and maintain a fire, those are inherently the type of decisions that are grounded in policy. They could balance the... Not about maintaining. If the government made a decision to maintain the burn in a certain way, and employees then negligently failed to carry out those instructions, that's operational. That's not discretionary function. Well, the Supreme Court rejected the operational distinction in Govert. Operational conduct is just as insulated by the discretionary function exception, as is planning level decisions. What is... What's relevant is whether the choices could be grounded in policy. And decisions about how to maintain a fire certainly could be influenced by policy considerations, such as public safety, the safety of the firefighters, environmental concerns, the needs of the military, and so on. These are all policy considerations the District Court cited in its opinion. So if you... So if they had alleged that the government had decided to take a certain number of steps, and no more than those steps, to maintain the burn, and then employees failed to carry out those steps, they would get past your motion to dismiss? Depending on what they alleged, it is possible. Under that set of circumstances, it sounds as though that would be Govert Step 1, where the complaint would have alleged the violation of a mandatory directive. In that case, that would have disposed of the discretionary function exception in Govert Step 1, and the government would then proceed to litigate the case. So what you're saying is, and maybe you're right, what you're saying is the plaintiff has to plead with a level of specificity that it would only obtain after discovery. No, I don't necessarily think that's the case, Your Honor. The standard is they have to allege a plausible claim. That's what this court said in Douglas. That's what the Supreme Court says in Iqbal. It's the same standard regardless of who's the litigant. There's a threshold subject matter jurisdiction question that needs to be resolved at the inception of the case. If the plaintiff alleges facts outside the discretionary function exception, then they can proceed. If they don't, they are subject to a motion to dismiss. One more question, if I might, Mr. Patrick. The Supreme Court, going back to Ray and Ear, the Supreme Court has told us that it is its prerogative and its prerogative only to overrule its own decisions, and that lower courts are not supposed to assume that cases have been overruled sub silentio by another line of cases that have completely undermined its rationale or reasoning. So what do we do about Ray and Ear, which has never been expressly overruled by the Supreme Court? Well, Your Honor, I don't believe it controls this court's analysis because it was not a discretionary function test. Ray and Ear held that the government can be held for uniquely government function. That's not a basis that the government has argued warrants dismissal in this case. We've invoked the discretionary function exception, which was not invoked in Ray and Ear, which was not mentioned at all at any point in the Ray and Ear decision. If the court takes a look at the Tenth Circuit's opinion in Hardscrabble Ranch, there is an extensive discussion on Ray and Ear, why it doesn't apply and why the Tenth Circuit did not believe it guided its analysis there. Hardscrabble Ranch, like here, was a case involving the government's management of a fire. And so I would urge the court to take a look at the Tenth Circuit's opinion there. Thank you very much, Mr. Patrick. You can finish up if you'd like. Thank you, Your Honor. I would like to just touch on some things that opposing counsel mentioned in his argument. It seemed as though there was a pivot in the theory of liability to a failure to warn theory. And I would like to point out that nowhere in the complaint, including in paragraph 12, nowhere in the opposition to the motion to dismiss at the district court level, nowhere in the appellant's either initial brief here or in the reply brief did the appellant mention any sort of failure to warn theory. That's been waived. Oral argument is the first time it's been presented. Opposing counsel says that the failure to warn theory is embodied within the government's, quote-unquote, failure to... Counsel, so many warnings. Thank you. That it is encompassed within the failure to maintain theory, I don't believe that that is a fair reading of the complaint. That is overly generous. And so our position is that it has been waived. I would like to just wrap up by talking about the second prong. Well, let's assume it hasn't been waived and it's within the maintain. What is your answer to failure to warn? Well, I haven't been able to fully prepare for this argument, Your Honor, because as I said, it hasn't been raised. I do know that there are many cases in this court regarding failure to warn theory. I believe that the court's decision in Galea was a failure to warn. It was in the regulatory context regarding the regulation of a bank, but it did have a failure to warn theory. And my recollection is that the court concluded that the discretionary exception nevertheless applied to bar the claim. And I believe that there are other decisions in this court. If the court would like, I would be happy to supplement with a brief paper describing situations in which discretionary function exception has shielded failure to warn claims. No, I'm not asking you to do that. I just wonder what your response was. Thank you. I would still submit, Your Honor, that the government has discretion about whether and when to issue certifications regarding hazards. If there are no other questions, the government requests that this court affirm the district court's order. All right. Thank you very much, Mr. Patrick. Mr. Stevens, you've got your time for rebuttal. Thank you, Judge Jordan. Just briefly, I think it's telling that from Judge Jordan's hypothetical that the government concedes that a negligence claim would survive a motion to dismiss. Again, if we were able to essentially have the ability to plead certain details, which conceitedly, we don't have the ability to do absent discovery at this point. The majority of the cases that are relied upon by both the underlying district court and opposing counsel, at the very least, are at a motion for summary judgment stage where affidavits and other evidence is considered, even trial at some point. Admittedly, there are a handful that were decided at this point, too. But nevertheless, we have what we have to plead, and we don't have to plead with particularity to the point where it's like a fraud claim. This is a, we have to plead general allegations to support not only our case, but also the subject matter jurisdiction of this court, which we believe that we have. The hardscrabble case that opposing counsel left on is not the same as this case. That is a fire case. That's a property owner next to a national forest where he claimed damages in connection with a forest fire that was started by lightning. That's not what we have here, and that's a substantial difference to fighting a fire versus starting a fire. And again, it was a neighboring property owner that got damaged in that case, not essentially an invitee that the government had on their property for their benefit for this whole thing. And as far as the allegation that this is a pivot to the failure to work, Your Honor, we submitted case law. While it's not outright outlined in it, the case law that we cite in our briefing, specifically Summers versus the USA, is a failure to warn case where the government was found to not have survived its claim for this exception because the Ninth Circuit Court completely stated that the government's failure to warn is not necessarily shielded from suit simply because discretionary function is somehow involved. Again, that's the one where there were hot rocks. The government knew about it. The government made no effort to actually warn or do anything about it, and that's why the government was held accountable in that case. And so, Your Honor, just to wrap up, our points are that the complaint was improperly dismissed, that the allegations, as alleged, do support a cause of action that does not bring this case the exception relied upon by the government. And we'd ask the court to remand the case for further proceedings. All right. Thank you very much, Mr. Stevens. Thank you both. Thank you.